**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 21-140-DLB**

**ROY JOSEPH BARTLEY**                                                    **PLAINTIFF**


**v.**                    **MEMORANDUM OPINION AND ORDER**


**KENTON COUNTY MEDICAL STAFF**                                **DEFENDANT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Plaintiff Roy Joseph Bartley is an inmate currently confined at the Kenton County Detention Center ("KCDC") located in Covington, Kentucky.  Proceeding without an attorney, Bartley has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendant Kenton County Medical Staff.  (Doc. # 1).  Bartley's complaint was not filed on the form approved for use by this Court, nor did he pay the $350.00 filing fee and the $52.00 administrative fee or file a motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915.

Even so, the Court will proceed with a preliminary review of Bartley's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.  Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  At this stage, the Court accepts Bartley's factual allegations as true and liberally construes Bartley's legal claims in his favor.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Bartley's complaint is evaluated under a more lenient standard because he is not

1

represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

Bartley's complaint alleges that he has been denied adequate medical care in violation of the Eighth Amendment.  (Doc. # 1 at 3).  Specifically, he claims that on January 25, 2021, "medical" denied him medical treatment for over a month when he told them that something was wrong with his eye.  (*Id*. at 5).  Bartley alleges that he has "smokers' ash eye" in both eyes and was denied surgery and any form of attention to his issue for over a month.  He claims that he eventually had to have surgery resetting and reconstructing his retina in his right eye and he is still being denied surgery to his left eye.  (*Id*. at 5).  He requests that he receive proper medical attention and seeks monetary damages.  (*Id*.).

However, Bartley's complaint will be dismissed for failure to state a claim for which relief may be granted, as he fails to name a viable defendant to his claims.[1]  Bartley seeks to bring his claims against the medical staff of the KCDC in their official and individual capacities.  An "official capacity" claim against a government official is not a claim against the officer arising out of his conduct as an employee of the government but is actually a claim directly against the governmental agency which employs him or her.  *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation

---

[1]    A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also* Fed. R. Civ. P. 8.

marks omitted). Thus, to the extent that Bartley seeks to bring claims against any KCDC staff member in their "official" capacity, such claims are construed as claims against Kenton County.

However, Bartley does not assert that any of the actions alleged in his complaint were taken pursuant to an established policy of Kenton County. Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Bartley points to no such policy in his complaint, and these claims are therefore subject to dismissal for failure to state a claim. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Bartley's individual capacity claims against the KCDC medical staff fare no better. Personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Accordingly, federal notice pleading requires, at a minimum, that the complaint advise *each defendant* of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

Thus, Bartley may not pursue his Eighth Amendment claim against the entire KCDC medical staff as a group. Rather, a "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be

3

ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted).  Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).  Bartley names no individual defendants, nor does he make any allegations of conduct by any particular individual.  For these reasons, he fails to properly allege an Eighth Amendment claim.

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made.  *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system.").  Bartley's failure to adequately allege a claim for relief against a viable defendant does not gives this Court license to create these allegations on his behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf." ) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Moreover, it is clear from the face of the complaint that Bartley has not exhausted his administrative remedies with respect to his claims.  Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that

4

exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004).  Administrative remedies must be exhausted *prior* to filing suit and *in full conformity with* the agency's claims processing rules.  *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

Here, Bartley admits in his complaint that he has not filed a grievance with jail officials with respect to his claims.  (Doc. # 1 at 6-8).  Bartley's admission that he has not yet pursued—much less exhausted—his administrative remedies warrants dismissal of his complaint without prejudice.  *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011).

Accordingly, **IT IS ORDERED** that:

(1)     Bartley's complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**;

(2)     The Court will enter an appropriate Judgment; and

(3)     This matter is **STRICKEN** from the Court's docket.

This 12th day of November, 2021.



Signed By:
*David L. Bunning*
**United States District Judge**

M:\DATA\ORDERS\PSO Orders\2-21-140 Order Dismissing Without Prejudice.docx

5